IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHEILA M. EYAJAN, | ) |
| Appellant, | ) |
| v. | ) Case No. 1:23-CV-322 |
| JOSEPH SPERO, | ) |
| Appellee. | ) |

**MEMORANDUM OPINION**

This civil action was commenced by Sheila M. Eyajan as an appeal from two Orders issued on October 20, 2023, by the United States Bankruptcy Court for the Western District of Pennsylvania in Bankruptcy Case No. 21-10243. This appeal was filed in November 2023 and as of today's date, Ms. Eyajan has failed to take the first steps to prosecute her appeal. She has not paid the requisite filing fee, nor has she designated the contents of the appellate record – both of these failures violate the Federal Bankruptcy Rules of Procedure.

When appellants fail to comply with applicable rules, district courts are generally permitted to dismiss bankruptcy appeals. *See In re Lawson*, 774 Fed. App'x 58, 59 (3d Cir. 2019); *In re Truong*, 513 F.3d 91, 92 n.2 (3d Cir. 2008). The Federal Rules of Bankruptcy Procedure provide that "the District Court is empowered to dismiss an appeal for failure to prosecute or otherwise follow the procedures set out in the Bankruptcy Rules." *Ackerman v. Wolff*, 2020 WL 3888128, at *2 (D. N.J. July 10, 2020) citing *In re Richardson Indus. Contractors, Inc.*, 189 Fed. App'x 93, 96 (3d Cir. 2006).

The applicable rules here include Federal Rule of Bankruptcy Procedure 8003(a)(3)(C), which requires that the notice of appeal be accompanied by the prescribed fee. Pursuant to

1

section (a)(2) of the same rule, a district court may take any action it considers appropriate, including dismissal of the appeal, when an appellant fails to pay the filing fee. Also involved here is Rule 8009 which requires that an appellant designate the contents of the record on appeal.

In determining whether dismissal of an appeal is appropriate, the Third Circuit Court of Appeals has instructed that the district court must weigh the familiar "*Poulis* factors." *See In re Lawson*, 774 Fed. App'x 58, 60 (3d Cir. 2019) *citing Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). This six-factor balancing test is a guide to determining whether dismissal of a case due to failure to prosecute is appropriate. *Hildebrand v. Allegheny County*, 923 F.3d 128 (3d Cir. 2019). The district court must consider the following six factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the opposing party caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim. *Id.* at 132, *quoting Poulis*, 747 F.2d at 868. Applying the *Poulis* factors to Ms. Eyajan's conduct in the present matter, this Court will dismiss her appeal.

### *Ms. Eyajan's personal responsibility*

Turning to consideration of the first *Poulis* factor, Ms. Eyajan is proceeding pro se and so she is personally responsible for prosecuting the appeal and for complying with the orders of this Court and the Bankruptcy Court. This factor weighs in favor of dismissal.

### *Prejudice caused by Ms. Eyajan's failure to meet scheduling orders*

There is no obvious prejudice to appellant here as he has not expended time or resources to prepare any filings in this Court. This factor is neutral.

*Ms. Eyajan's history of dilatoriness*

There is an extensive history of Ms. Eyajan's dilatoriness. The filing fee was due at the time of the filing of this appeal in November, over eight months ago. Despite multiple advisories regarding her financial obligations *(see* ECF No. 1-2, pages 17, 19, 29, 31), Ms. Eyajan has yet to pay the requisite filing fees prescribed by 28 U.S.C. § 1930(b) and (c). Additionally, she has also failed to designate the contents of the appellate record, even after the warning from the Clerk of the Bankruptcy Court that her failure to comply with these requirements could result in the dismissal of her appeal. *See* ECF No. 2-1, pages 3, 5.

The present matter is not the first time that Eyajan has appealed an order of the bankruptcy court in the underlying case. *See Eyajan v. Spero*, 1:21-cv-318 and *Eyajan v. Spero*, 1:22-cv-38. In the latter of those appeals, she was admonished by the undersigned that her failure to pay the filing fee and her failure to designate the contents of the appellate record could provide the basis for dismissal of the appeal. *See* 1:22-cv-38, ECF No. 4.[1] Ms. Eyajan's behavior in the prosecution of this appeal and the underlying bankruptcy case (*see* footnote 2, *infra*) demonstrates a history of dilatoriness. This factor weighs heavily in favor of dismissal.

*Whether Ms. Eyajan's conduct was willful or in bad faith*

Nothing in the record indicates that either Ms. Eyajan's failure to pay the filing fee or her failure to designate the contents of the record is the result of any excusable neglect. Therefore,

---

[1] Moreover, in addition to her multiple bankruptcy appeals, Ms. Eyajan is a frequent filer of civil actions in this Court. *See Eyajan v. Nesco Resource*, 1:18-cv-222; *Eyajan v. Nesco Resource LLC*, 1:19-cv-34; *Eyajan v. State of Ohio*, 1:19-cv-161; *Eyajan v. UPMC for You*, 1:19-cv-280; *Eyajan v. Nesco Resources LLC*, 1:20-cv-204; *Eyajan v. Commonwealth of Pennsylvania*, 1:21-cv-267; *Eyajan v. Andrews and Pontius, LLC*, 1:21-cv-364; and *Eyajan v. Ashtabula County Public Defender*, 1:22-cv-369. Ms. Eyajan has requested in forma pauperis status in each of the above-mentioned cases except for 1:19-cv-280 (which was dismissed for failure to pay the filing fee or seek in forma pauperis). Because of her extensive litigation experience, she is well aware of her general obligation to pay filing fees or to request permission to proceed in forma pauperis.

the Court is compelled to conclude that her non-compliance is willful. *See Zomerfeld v. Lowes*, 2022 WL 3588325, at *4 (M.D. Pa. Aug. 2, 2022) (finding willful conduct where non-compliance reflected an ongoing disregard for the case and the court's instructions). Moreover, given the history of dilatoriness in this appeal and her similar non-compliance in the related appeal (at C.A. No. 1:22-cv-38), as well as the ongoing and extensive delay in the underlying bankruptcy case,[2] Ms. Eyajan's good faith is at issue. Given her failure to comply with her

---

[2] In denying her request for an extension of time – one of the two orders Ms. Eyajan challenges in the present appeal – Judge Melaragno summarized her recent dilatory conduct in regard to the prosecution of the bankruptcy case:

> On October 18, 2023, the Debtor filed a Motion for (30) Day Extension of Time for Status and Motion to Convert Chapter 7 to Chapter 13 in Order to Hire a Chapter 13 Attorney ("Motion II") (Doc. 190). *Motion II* states that the Debtor needs a thirty-day continuance to hire Chapter 13 Counsel and to serve the Chapter 7 Trustee with "documents that were filed on October 10, 2023, October 11, 2023, and October 12, 2023." The Debtor had filed an identical *motion ("Motion I")* on October 12, 2023 (Doc. 187) which the court denied by Text Order on October 16, 2023 (Doc. 189). The Court made several attempts to contact Ms. Eyajan to notify her that her *Motion I* had been denied and that the October 19, 2023 hearing remained as scheduled. However, the phone numbers provided on Ms. Eyajan's filings were either not in service, or the Debtor failed to answer, and her voicemail box was full.
>
> The Court denied *Motion I* due to the fact that this case has now been pending for over two-years, and when looking at this Debtor's case filings as a whole, the Debtor has been in bankruptcy for nearly ten years. Additionally, the Court is aware of the history of the Debtor's conduct in her cases as well as her past failures to appear while alleging the same excuse that she wishes to obtain counsel. The Debtor has been without Counsel since this case was filed, and her decision to obtain Counsel one week before the hearing does not justify a continuance. As to service to the Chapter 7 Trustee, the Trustee receives electronic notification of all filings through CM/ECF immediately upon docketing. Therefore, delaying the hearing to allow the Debtor time to mail filings to the Chapter 7 Trustee is unnecessary and unwarranted.
>
> Furthermore, the Court has been made aware that the Debtor has engaged in repeated phone calls to the Clerk's office and has used abusive language toward Clerk's office employees. By this Order, the Debtor is on notice that any further reports of this conduct will not be tolerated and will result in sanctions.

ECF No. 1-2, pages 3-4.

responsibility to pay the filing fee, as well as to designate the contents of the record, her conduct appears to be willful, and this factor weighs heavily in favor of dismissal.

*Effectiveness of sanctions other than dismissal*

Here, alternative sanctions, such as monetary sanctions or a finding of contempt, are unsuitable given that Ms. Eyajan is proceeding pro se. *See Briscoe v. Klaus*, 538 F.3d 252, 262-63 (3d Cir. 2008) (observing that alternative sanctions such as monetary sanctions would not be an effective alternative where a party is proceeding pro se). No sanction short of dismissal is appropriate here, as Ms. Eyajan has had several months to prosecute her appeal and has failed to do so. This factor weighs in favor of dismissal.

*Meritoriousness of the claim*

Due to Ms. Eyajan's failure to file her designation of the contents of the appellate record, this Court faces a challenge in assessing the validity of her claim. However, the partial record provides the following insights.

Eyajan, a Chapter 7 debtor, challenges the Bankruptcy Court's orders denying her motion to convert her case from Chapter 7 to Chapter 13. In his order denying the motion to convert, Judge Melaragno indicated that reviewed an earlier decision by Judge Taddonio on the same type of motion, as well as Ms. Eyajan's filings and the Objections of the Trustee in regard to the new motion.[3] Judge Melaragno pointed out that both parties agreed that Ms. Eyajan had no income, consistent with the information provided to Judge Taddonio, and thus concluded that she was not eligible to be a Debtor under Chapter 13. *See* ECF No. 1-2, pages 6-7 (citing 11 U.S.C. § 109(e) which provides that only debtors "with regular income" qualify as debtors under Chapter 13). Given the limited record, it appears that Ms. Eyajan's claim lacks merit in this regard.

---

[3] **Only** Judge Melaragno's Order dated October 20, 2023, is in the record.

Additionally, there is no merit to Eyajan's challenge to the denial of the extension of time as such a determination is well within the discretion of the bankruptcy judge.

This factor weighs in favor of dismissal.

*Balancing of the factors*

"[N]o single Poulis factor is dispositive." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). "In balancing these factors, there is no 'magical formula,' nor must they all be satisfied." *Parks v. Ingersoll-Rand Co.*, 380 Fed. App'x 190, 194 (3d Cir. 2010) *citing Briscoe*, 538 F.3d at 263. *See also Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

After examining each of the *Poulis* factors, three weigh in favor of dismissal, two more weigh heavily in favor in dismissal (history of dilatoriness and willfulness), and one is neutral. Accordingly, dismissal of the appeal for failure to comply with the Federal Rules of Bankruptcy Procedure is warranted.

An appropriate Order follows.